## Purchase of Defunct Water Companies

SHULL, Deputy Attorney General, June 9, 1931.—You ask to be advised: (1) Whether the charters of seven water companies, which you have named in your inquiry, are valid, and whether the Water and Power Resources Board can approve a certificate validating the purchase of these companies by the Silver Creek Water Company; and (2) whether the board may approve a certificate designating the sources of supply of the Silver Creek Water Company, after its purchase of certain other designated companies, if water from such sources is being supplied outside of the territory specified in the charter.

The facts which give rise to the inquiries are as follows:

The Silver Creek Water Company was incorporated May 21, 1889, to supply water to Blythe Township, Schuylkill County. On December 23, 1930, it acquired by purchase all the rights and franchises of the Crystal Water Company of Cass Township, incorporated July 2, 1890, and of the Moss Glen

Water Company of Schuylkill Township, the Middleport Water Company of Middleport Borough, the Glendower Water Company of Foster Township, the Frailey Water Company of Frailey Township and the Otto Water Company of Reilly Township, each of which was separately incorporated on April 14, 1905, and of the Rock Water Company of Tremont Township, incorporated on April 27, 1905.

The Silver Creek Water Company, after the purchase of the companies named, filed a certificate designating its source of supply, which certificate provided that the rights theretofore existing in any of the companies to take or use water from any source not named in the certificate should revert to the Commonwealth. It also filed an acceptance of the Acts of 1905 and 1907.

The Frailey Water Company, the Otto Water Company and the Rock Water Company are not supplying water in their respective municipalities. Each of them failed to begin construction of its works within two years and complete the same within five years.

The Silver Creek Water Company and the Crystal Water Company set forth in their charters the purpose to "Supply water to the public in . . . and to such persons, partnerships, associations and corporations residing therein and adjacent thereto as may desire the same. . . ."

The purpose set forth in the charters of the other companies was: "Supplying water to the public in the township of . . . and to such firms and corporations residing therein who may desire the same. . . ."

Your first inquiry is whether these charters are valid, and whether you may approve a certificate validating the purchase of these companies by the Crystal Water Company.

The Act of April 29, 1874, P. L. 73, entitled "An act to provide for the incorporation and regulation of certain corporations," was followed by an act providing further regulations of such corporations, approved April 17, 1876, P. L. 30, section eleven of which is as follows:

"Section 11. If any company incorporated under this act, . . . shall not proceed to carry on its work, and construct its necessary . . . improvements within the space of two years from the date of its letters patent, and shall not within the space of five years thereafter complete the same, the rights and privileges thereby granted to said corporation shall revert to the commonwealth."

This act was construed in Com. v. The Lykens Water Co., 110 Pa. 391, 397, wherein it was said:

"When the legislature reserves to itself the right to repeal a charter on the happening of a certain event, it may enact the repeal whenever the event happens, without first invoking the judgment of a court: Crease v. Babcock, 23 Pick. 334. The Act of 1876 did not specifically require any action of the legislature to cause the franchises granted to revert to the Commonwealth."

"The injustice of permitting a corporation to retain, unused, the exclusive right to a power intended to be used for the benefit of the public, is so contrary to public policy that the relator must present a clearer case than he has now shown to justify a reversal of this judgment."

But the Legislature of 1889, by an act approved May 16, P. L. 241, amended the Act of 1876, *supra*, adding a proviso, that if application is made previous to the expiration of the five years, showing that the corporation has acted in good faith, an extension of time may be granted.

This enactment was construed by this department in an opinion of Assistant Deputy Attorney General Cunningham, Corporations — Forfeiture of Charter, 16 Dist. R. 839, wherein it was held that forfeiture of charters may be enforced by the Attorney General on application of any citizen, and in

Chester County Gas Co. *v.* The Marion & Radnor Gas and Electric Co., 16 Dist. R. 214, it was decided that while the court could not in a collateral proceeding determine a forfeiture, it could determine that the corporation had no right to exercise a particular franchise which had been lost by reason of the company's failure to commence or complete its work.

The foregoing legislation was generally supplied and supplemented by the Act of June 15, 1911, P. L. 990, wherein (section one) it is provided that any water company or water-power company which ". . . shall not have begun the construction of its works within two years after the date of its incorporation, or which shall not have completed the same or placed the same in operation within five years thereafter, may, at any time previous to the expiration of said two years or five years thereafter, make application to the Water Supply Commission of Pennsylvania for an extension. . . ."

But it will be observed that this act, like the Act of 1889, applies only to applications for extensions when made within the period of the two or five years.

The principle laid down in Eastman on Corporations, § 80 a and § 610, cited by Deputy Attorney General Cunningham, Corporations—Forfeiture of Charter, 16 Dist. R. 839, is that:

"It is now well settled by numerous authorities that it is a tacit condition of a grant of a corporation, that the grantees shall act up to the end or design for which they were incorporated, and hence, through neglect or abuse of the franchises, a corporation may forfeit its charter, as for condition broken, or for a breach of trust," but "No charter to a corporation for public purposes can be forfeited except by the commonwealth in a proceeding for that direct purpose." Hinchman *v.* Philadelphia and West Chester Turnpike Road, 160 Pa. 150, and ". . . While it has been held that the attorney general must move to forfeit lapsed rights such as these, nevertheless when it appears to a commission that such corporation is attempting to exercise such rights, its denial of a certificate of public convenience because of such an attempt would not be such an unreasonable exercise of its regulatory control as would warrant this court in interfering. The commission should not be a party to what is manifestly an open violation of the law. . . ." Relief Electric Light, Heat and Power Company's Petition, 63 Pa. Superior Ct. 1, 16; Jenkins Township *v.* Public Service Commission, 65 Pa. Superior Ct. 122.

It may be noted that the "commission" referred to in the last quotation is the Public Service Commission. However, the principle invoked applies with equal effect to the Water and Power Resources Board, formerly known as the Water Supply Commission.

The second question relates to the supply of water to territory outside of the territory designated in the charter. This problem was a source of much perplexity for many years and a subject much litigated. It has been solved in a great measure by the Act of May 21, 1901, P. L. 270, which provides that companies regularly organized for the purpose of supplying water to the public may, upon written request from lot or landowners in adjoining territory, supply water within such territory if such written request contains a description of the land and is filed in the office for the recording of deeds and a certified copy thereof is transmitted to the Secretary of the Commonwealth.

Therefore, we advise:

1. That the Frailey Water Company, the Otto Water Company and the Rock Water Company having failed to begin the construction of their works within two years and complete the same within five years, and not having procured an extension within the prescribed period, ceased to exist. Their

purchase by the Silver Creek Water Company could not imbue them with life, nor may the Water and Power Resources Board approve such certificate because all rights under the charters had passed before the attempt to take them over by the Silver Creek Company.

2. That the other companies acquired were performing services and using their franchises for the public. Their purchase was lawful and valid.

3. That your board may approve the certificate authorizing the supplying of water to territory outside that designated in the charters, if those being supplied on the outside have complied with the provisions of the Act of 1901. This does not, of course, apply in the cases of the three companies whose franchises have been forfeited.   From C. P. Addams, Harrisburg, Pa.